UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT LELAND REGAN, III ET AL.               CIVIL ACTION

VERSUS                                        NO. 13-2378

BP EXPLORATION & PRODUCTION,                  SECTION: H
INC. ET AL.

ORDER AND REASONS

Before the Court is a Motion for Summary Judgment Due to Plaintiff's Lack of Causation Evidence filed by Defendants BP America Production Company; BP Exploration & Production, Inc.; BP p.l.c.; Halliburton Energy Services, Inc.; Transocean Deepwater, Inc.; Transocean Holdings, LLC; Transocean Offshore Deepwater Drilling, Inc.; and Triton Asset Leasing GmbH (Doc. 65). For the following reasons, this Motion is **GRANTED**.

BACKGROUND

This case is one among the "B3 bundle" of cases arising out of the *Deepwater Horizon* oil spill.[1] This bundle comprises "claims for personal injury and wrongful death due to exposure to oil and/or other chemicals used during

---

[1] *See In Re* Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010, No. 10-md-02179, R. Doc. 26924 at 1 (E.D. La. Feb. 23, 2021).

1

the oil spill response (e.g., dispersant)."[2] These cases were originally part of a multidistrict litigation ("MDL") pending in the Eastern District of Louisiana before Judge Barbier. During this MDL, Judge Barbier approved the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement, but the B3 plaintiffs either opted out of this agreement or were excluded from its class definition.[3] Subsequently, Judge Barbier severed the B3 cases from the MDL to be reallocated among the judges of this Court.[4] This case was reassigned to Section H.[5]

Plaintiffs Robert Leland Regan, III and Laura Guillory Regan allege exposure to oil and dispersants starting in May 2010.[6] Plaintiff Robert Leland Regan, III claims to suffer from a host of medical conditions because of the exposure, including syncope and collapse, dizziness, food reaction, chemical sensitivity, toxic encephalopathy, immune deregulation, malabsorption, dyspnea, difficulty breathing, respiratory seizures, pneumonia, wheezing, chronic sinusitis, cough, and postnasal drip.[7] Plaintiff Laura Guillory Regan also claims to suffer from a host of medical conditions including sore throat, sinus congestion, nasal drip, rhinitis, cough, upper respiratory illness, bronchitis, facial pain/sinus pain, hearing loss, difficulty communicating, memory loss, confusion, poor coping ability, depression, anxiety, cognitive

---

[2] *Id.*
[3] *Id.* at 2 n.3.
[4] *Id.* at 7–8.
[5] *See* Doc 12.
[6] *See* Doc. 30.
[7] *See* Doc. 65-2 at 1–3.

disorder, and dizziness.[8] Plaintiffs assert claims under the general maritime law of negligence, negligence per se, and gross negligence with respect to the spill and its cleanup.[9]

Now before the Court is Defendants' Motion for Summary Judgment Due to Plaintiff's Lack of Causation Evidence.[10] In the Motion for Summary Judgment, Defendants argue that Plaintiffs have failed to produce any expert evidence to prove that exposure to oil or dispersants caused their alleged injuries.[11] Plaintiffs oppose.[12]

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[13] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[14]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor.[15] "If the moving party meets the initial

---

[8] Doc. 65-3 at 1–3.
[9] *See* Doc. 30 at 7–15.
[10] *See* Doc. 65.
[11] *See id.*
[12] *See* Docs. 67.
[13] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[14] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[15] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).

burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[16] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[17] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[18] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[19] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[20]

## LAW AND ANALYSIS

Plaintiffs have the burden of proving causation. "B3 plaintiffs must prove that the legal cause of the claimed injury or illness is exposure to oil or other chemicals used during the response."[21] "The plaintiff's burden with

---

[16] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[17] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[18] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[19] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[20] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).
[21] *In re* Oil Spill by Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010, MDL NO. 2179, 2021 WL 6053613, at *11 (E.D. La. Apr. 1, 2021).

respect to causation in a toxic tort case involves proof of both general causation and specific causation."[22] "General causation is whether a substance is capable of causing a particular injury or condition in the general population, while specific causation is whether a substance caused a particular individual's injury."[23]

Here, Defendants move for summary judgment on the grounds that Plaintiffs cannot prove that exposure to oil or dispersants was the legal cause of their alleged injuries.[24] Plaintiffs respond that they produced two expert opinions for each Ms. and Mr. Regan.[25] Both Plaintiffs had an expert opinion produced by Dr. William J. Rea, M.D. from the Environmental Health Center and a second opinion by Dr. Nancy A. Didriksen, Ph.D.[26] "In a toxic tort suit such as this one, the plaintiff must present admissible expert testimony to establish general causation as well as specific causation."[27] As such, the Court will address the admissibility of each expert opinion in turn.

A. *Expert Opinion of Dr. William J. Rea, M.D.*

---

[22] Davis v. BP Expl. & Prod., Inc., No. 17-4664, 2022 WL 2789027, at *1 (E.D. La. July 15, 2022).

[23] *Knight*, 482 F.3d at 351 (internal quotation marks omitted).

[24] Doc. 65-1 at 1.

[25] Doc. 67.

[26] *Id.*

[27] Seaman v. Seacor Marine LLC, 564 F. Supp. 2d 598, 600 (E.D. La. 2008), *aff'd sub nom.* Seam v. Seacor Marine L.L.C., 326 Fed. Appx. 721 (5th Cir. 2009); *see also* Banegas v. BP Expl. & Prod., Inc., No. 17-7429, 2019 WL 424683, at *2 (E.D. La. Feb. 4, 2019); Williams v. BP Expl. & Prod., Inc., No. 18-9753, 2019 WL 6615504, at *11 (E.D. La. Dec. 5, 2019).

Defendants argue that Dr. William J. Rea's expert report is inadmissible hearsay under Federal Rule of Evidence 801 as Dr. Rea passed away before either party could perpetuate his testimony.

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."[28] Under the Federal Rules of Evidence, hearsay is not admissible unless an exception applies. "Expert reports are hearsay because they are out of court statements offered to prove the truth of the matter asserted."[29] Dr. Rea's testimony was not perpetuated and thus, his expert opinion is inadmissible hearsay that does not fall within any exception. As "hearsay evidence inadmissible at trial cannot be used to create a genuine issue of material fact to avoid summary judgment," Dr. Rea's expert opinion does not provide the evidence that Plaintiffs need.[30]

Even if Dr. Rea's report were admissible, the medical records provided fail to establish a causal connection between Plaintiffs' alleged exposure and their medical conditions. The Fifth Circuit uses "a two-step process in examining the admissibility of causation evidence in toxic tort cases. First, the district court must determine whether there is general causation. Second, if it concludes that there is admissible general-causation evidence, the district court must determine whether there is admissible specific-causation

---

[28] FED. R. EVID. 801(c).

[29] Marquette Transp Co. v. Eagle Subaru, No. 06-9053, 2010 WL 1558921, at *3 (E.D. La. Apr. 15, 2010) (Vance, J.); *See* Labat v. Rayner, No. 20-447, 2021 WL 3809068, at *2 (E.D. La. Aug. 26, 2021) (Ashe, J.).

[30] Harris *ex rel.* Harris v. Pontotoc Cnty. Sch. Dist., 635 F.3d 685, 692 (5th Cir. 2011) (citing Broadway v. City of Montgomery, 530 F.2d 657, 661 (5th Cir.1976)).

evidence."[31] With respect to general causation, "[s]cientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are minimal facts necessary to sustain the plaintiffs' burden in a toxic tort case."[32] Dr. Rea's opinion does not identify a particular chemical to which Plaintiff was allegedly exposed or the dose.[33] As such, even if the opinion were admissible, it would not suffice to create a genuine issue of material fact with respect to their claim that their injuries were caused by exposure to oil and dispersants.

### B. Expert Opinion of Dr. Nancy A. Didriksen, Ph.D.

Defendants argue that Dr. Didriksen's expert opinion does not address causation. Federal Rule of Evidence 702 provides that a witness who is qualified as an expert may testify if: (1) the expert's "specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue"; (2) the expert's testimony "is based on sufficient facts or data"; (3) the expert's testimony "is the product of reliable principles and methods"; and (4) the principles and methods employed by the expert have been reliably applied to the facts of the case. In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the U.S. Supreme Court held that Rule 702 "requires the district court to act as a gatekeeper to ensure that 'any and all scientific testimony or evidence

---

[31] Knight v. Kirby Inland Marine Inc., 482 F.3d 347, 351 (5th Cir. 2007).

[32] Seaman, 326 F. App'x at 723 (quoting Allen v. Penn. Eng'g Corp., 102 F.3d 194, 199 (5th Cir. 1996))

[33] Turner v. BP Expl. & Prod. Inc., No. 17-3225, 2022 WL 2967441, at *5 (E.D. La. July 27, 2022) (Africk, J.)

admitted is not only relevant, but reliable.'"[34] All types of expert testimony are subject to this gatekeeping.[35] The party offering the expert testimony bears the burden of proving its reliability and relevance by a preponderance of the evidence.[36]

The reliability of expert testimony "is determined by assessing whether the reasoning or methodology underlying the testimony is scientifically valid."[37] The Court may consider several nonexclusive factors in determining reliability, including: (1) whether the technique has been tested, (2) whether the technique has been subject to peer review and publication, (3) the technique's potential error rate, (4) the existence and maintenance of standards controlling the technique's operation, and (5) whether the technique is generally accepted in the relevant scientific community.[38] Granted, the reliability analysis is a flexible one and "not every *Daubert* factor will be applicable in every situation."[39] As the gatekeeper of expert testimony, this Court enjoys broad discretion in determining admissibility.[40]

Dr. Didriksen's expert opinion does not meet this standard and is inadmissible. Minimally, the Fifth Circuit has held that to be admissible, a general causation opinion must identify the harmful level of exposure for a

---

[34] Metrejean v. REC Marine Logistics, LLC, No. 08-5049, 2009 WL 3062622, at *1 (E.D. La. Sept. 21, 2009) (quoting Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589 (1993)).
[35] *See* Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147 (1999).
[36] *See* Moore v. Ashland Chem. Co., 151 F.3d 269, 276 (5th Cir. 1998).
[37] *Knight*, 482 F.3d at 352.
[38] *See* Burleson v. Tex. Dep't of Crim. Just., 393 F.3d 577, 584 (5th Cir. 2004).
[39] Guy v. Crown Equip. Corp., 394 F.3d 320, 325 (5th Cir. 2004).
[40] *See* Wellogix, Inc. v. Accenture, L.L.P., 716 F.3d 867, 881 (5th Cir. 2013).

chemical.[41] Beyond this, the court has also held that an opinion must not only show a "scientific knowledge of the harmful level of exposure to a chemical" but also "knowledge that the plaintiff was exposed to such quantities."[42] Plaintiffs were referred to Dr. Didriksen for a neuropsychological consultation and the expert opinion focuses on their personality traits, memory, and other behavioral qualities. The opinion does make any attempt to analyze Plaintiffs' probable level of exposure or opine on the minimum level of exposure that could cause Plaintiffs' physical conditions.[43] As such, Dr. Didriksen's opinion does not meet the minimal requirements, and therefore, her report does not provide the evidence Plaintiffs need to prove either general or specific causation.

Beyond Dr. Rea and Dr. Didriksen, Plaintiffs have presented no other expert opinions. In a toxic tort case like this, expert medical opinion is required to show causation, and Plaintiffs have no admissible medical expert testimony. Therefore, Plaintiffs have failed to create a genuine issue of material fact with respect to their claims that their injuries were caused by exposure to oil and

---

[41] Williams v. BP Expl. & Prod., No. 18-9753, 2019 WL 6615504, at *8 (E.D. La. Dec. 5, 2019) (citing *Knight*, 482 F.3d at 351) (stating that a plaintiff in a toxic tort case "must prove, at a minimum, that exposure to a certain level of a certain substance for a certain period of time can cause a particular condition in the general population.").

[42] Allen v. Pa. Eng'g Corp., 102 F.3d 194, 199 (5th Cir. 1996) (citing Wright v. Willamette Indus., Inc., 91 F.3d 1105, 1107 (8th Cir. 1996)).

[43] McIntosh v. BP Expl. & Prod. Inc., No. CV 13-1020, 2022 WL 2342480, at *4 (E.D. La. June 29, 2022) (stating that "the fundamental question in this general causation inquiry is whether the chemicals, weathered oil, and dispersants to which [the plaintiff] alleges he was exposed can cause the conditions he alleges.").

other contaminants. As a result, Defendants are entitled to summary judgment dismissing Plaintiffs' claims.

<u>**CONCLUSION**</u>

For the foregoing reasons, Defendants' Motion for Summary Judgment (Doc. 65) is **GRANTED**. **IT IS ORDERED** that all of Plaintiffs' claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 15th day of March, 2023.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**